**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1712**

ROOSEVELT BROOME, JR.,

       Plaintiff - Appellant,

    v.

MICHAEL S. HUNTER; J. W. ENGLAND; D. STEITZ; K. JONES; H. A.
BRITTON; A. CONNER; K. F. WILLIAMS; K. PAIGE; SHARONVIEW
FEDERAL CREDIT UNION,

       Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Robert J. Conrad,
Jr., Chief District Judge. (3:10-cv-00192-RJC-DSC)

Submitted: January 7, 2011      Decided: January 27, 2011

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roosevelt Broome, Jr., Appellant Pro Se. Keith B. Nichols,
HORACK TALLEY PHARR & LOWNDES, PA, Charlotte, North Carolina;
Sean Francis Perrin, WOMBLE CARLYLE SANDRIDGE & RICE, PLLC,
Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roosevelt Broome, Jr. appeals the district court's order adopting the recommendation of the magistrate judge and dismissing his complaint for lack of jurisdiction. For the reasons that follow, we affirm the district court's order.

In Broome's complaint, he alleged that a state court's order in foreclosure proceedings on his residence violated his federal rights. The magistrate judge recommended granting the Appellees' motion to dismiss the complaint for lack of jurisdiction. Under the Federal Magistrates Act, the district court may designate the magistrate judge to conduct a hearing, make proposed findings of fact, and recommend a disposition on certain motions. 28 U.S.C. § 636(b)(1)(B) (2006). Once the magistrate judge files a report and recommendation, the parties have ten days to object to it. 28 U.S.C. § 636(b)(1)(C) (2006). A district court reviews "de novo . . . those portions of the report . . . to which objection is made." Id.

Here, before the time had expired for Broome to object to the report, the district court adopted the magistrate judge's recommendation and dismissed the complaint, stating that, as the court lacked jurisdiction over the complaint, waiting for Broome to file objections to the report would serve no valid purpose. While we do not condone the district court's failure to comply with the statute, we find that this error was harmless as the

2

court's conclusion that it lacked jurisdiction over Broome's complaint was not in error. See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (Rooker/Feldman abstention doctrine prevents party losing in state court from seeking appellate review of the state judgment in federal district court, based on party's claim that the state judgment violated the party's federal rights) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED